IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WELLS FARGO BANK NA,** § | |
| Plaintiff, § | |
| § | |
| v. § | **Civil Action No. 3:11-CV-00963-M (BF)** |
| § | |
| **RICHARD CARSON** *and all other* § | |
| *occupants* **and DANIEL** § | |
| **HERNANDEZ,** § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. On May 5, 2011, Defendant Daniel Hernandez ("Defendant"), filed a Notice of Removal from the County Court of Law 1, Dallas County, Texas.[1] Doc. 2. On May 7, 2012, Wells Fargo Bank N.A. ("Plaintiff") filed a Motion to Remand as well as a brief in support. Doc. 10. Defendant has failed to respond to the motion. For the following reasons, the Court hereby recommends that Plaintiff's Motion to Remand be GRANTED without attorney's fees.

## Background

This case was originally filed in County Court of Law 1, Dallas County, Texas as a forcible detainer action to evict Defendants Richard Carson and all other occupants from a property located at 3026 Pearson Drive in Grand Prairie, Texas; Defendant Hernandez is an occupant of that property. Defendant then removed the case to federal court on May 9, 2011 based on diversity jurisdiction

---

[1] The Court notes that Richard Carson has not stated his consent to the Notice of Removal. Though the removal petition is defective unless all defendants join, "the thirty-day limitations period in section 1446(b) does not affect the jurisdiction of the [federal] court, and a plaintiff who delays in seeking a remand . . . may be precluded from objecting to a defendant's untimely consent to a defective removal petition." *Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988).

pursuant to 28 U.S.C. § 1441(b).  Def. Notice of Removal at 1.  Defendant's Notice of Removal claims there is complete diversity between the parties, and the amount in controversy exceeds $75,000 because "the subject real property has a current fair market value of $98,000.00 according to the Dallas Central Appraisal District."  Def. Notice of Removal at 2.  On May 7, 2012, Plaintiff filed a Motion to Remand for lack of subject matter jurisdiction.  Pl. Mot. to Remand.  Plaintiff's brief in support argues that the property's "fair market value" is not adequately supported and not the proper measure for meeting the amount in controversy requirement.  Pl. Br. at 2-3.  Plaintiff goes on to request costs and expenses incurred as a result of the removal.  Pl. Br. at 3-4.

## **Legal Standard**

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court.  28 U.S.C. § 1441(a).  However, "federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate claims." *Federal Nat'l Mortg. Assoc. v. Elliot*, No. 3:10-CV-758-L, 2010 WL 3304240, at *2 (N.D.Tex. Aug. 19, 2010).  This limited subject matter jurisdiction is not a procedural issue that must be challenged by a party; the Court itself has an obligation to scrutinize its subject matter jurisdiction on its own initiative.  *See Ruhrgas AG v. Marathon Oil Co. et al.*, 526 U.S. 574, 583-84 (1999).  Accordingly, when a party attempts to remove a case to federal court, that party has the burden of establishing subject matter jurisdiction.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

To establish subject matter jurisdiction, a party must show that the case contains a question of federal law or is between diverse citizens.  *See* 28 U.S.C. §§ 1331-32.  Where there is no federal question, such as here, the court has subject matter jurisdiction only if the state citizenship of each plaintiff is diverse from the state citizenship of each defendant and the amount in controversy

2

exceeds $75,000. 28 U.S.C. § 1332. Here, Plaintiff contends that Defendant has not satisfied the amount in controversy requirement.

For diversity purposes, the amount in controversy is the amount sought by the plaintiff so long as this amount is claimed in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Where a plaintiff does not claim a specific amount of damages, a defendant attempting to remove the case must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). If it is not facially apparent that the claims exceed $75,000, the court may rely on summary judgement-type evidence to determine if the amount in controversy has been met. *St. Paul Reinsurance*, 134 F.3d at 1253. As such, if Defendant has failed to establish the required amount in controversy, the Court must remand the case to state court.

## **Analysis**

Plaintiff argues that the Court does not have subject matter jurisdiction over this case under 28 U.S.C. § 1332 because Defendant has not established that the amount in controversy exceeds the required $75,000. Pl. Mot. to Remand at 1. The Court agrees.

Defendant's Notice of Removal claims that Plaintiff's forcible detainer action does satisfy the amount in controversy requirement because the real property sought has a fair market value of $98,000. Def. Notice of Removal at 2. Defendant presents no other evidence as to the amount in controversy. As noted by Plaintiff, however, courts in the Northern District of Texas have

3

consistently held that the amount in controversy in a forcible detainer action is not the value of the property itself, but rather the value of the right to immediate possession of the premises. Pl. Br. at 3; *see Wells Fargo Bank, N.A. v. Santana*, No. 3:10-CV-923-B, 2010 WL 5313734, at *2 (N.D.Tex. Dec. 20, 2010); *Elliott*, 2010 WL 4627833, at *5; *BAC Home Loans Servicing, LP v. Pace*, No. 3:10-CV-1038-K, 2010 WL 3447153, at *3 (N.D.Tex. Aug. 31, 2010). Thus, Defendant's Notice of Removal incorrectly uses the property's fair market value to determine the amount in controversy.

Moreover, Defendant has the burden to "produce evidence that establishes that the actual amount of the plaintiff's claim will exceed [$75,000]." *De Aguilar*, 47 F.3d at 1412. Because Defendant has provided no evidence establishing the value of the right to occupy the property, he has failed to satisfy his burden to show that the amount in controversy exceeds $75,000. Thus, Defendant has not established that there is subject matter jurisdiction under 28 U.S.C. § 1332(a), and this case should be remanded.

## Plaintiff's Request for Attorney's Fees

Plaintiff also seeks $500 for attorney's fees related to its Motion to Remand. Pl. Mot. to Remand at 1. The Court has authority when ordering remand to " require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In applying section 1447(c), the Court considers "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). However, even without objectively reasonable grounds, an award of costs is not guaranteed; this decision is within the Court's discretion. *See id.* at 293.

Here, the Court will not permit an award of attorney's fees. Defendant Daniel Hernandez, who filed the Notice of Removal, is *pro se* and proceeding in *forma pauperis*. With this in mind,

the Court cannot say that the removal was objectively unreasonable. Additionally, Plaintiff has unnecessarily increased the costs and time of this case by failing to seek remand within thirty days of removal. In fact, Plaintiff did not move to remand until May 5, 2012, a year after the case was removed to federal court.[2] *Compare* Def. Notice of Removal (filed May 9, 2011), *with* Pl. Mot. to Remand (filed May 7, 2012). While this case should not have been removed, the interests of justice are not served by awarding attorney's fees to Plaintiff under these circumstances.

### **Recommendation**

For the foregoing reasons, the Court finds removal was improper under 28 U.S.C. § 1332(a). Additionally, the Court finds 28 U.S.C. § 1447(c) attorney's fees are not warranted. Therefore, the Court hereby recommends that Plaintiff's Motion to Remand be GRANTED but Plaintiff's request for attorney's fees be DENIED. It is recommended this case be remanded back to County Court of Law 1, Dallas County, Texas.

SO RECOMMENDED, July 23, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Had Plaintiff filed a timely motion to remand within thirty days of the Notice of Removal, the Court could have swiftly remanded the case based on Defendant being a citizen of Texas, the same state where the suit was brought. *See* 28 U.S.C. § 1441(b)(2). However, since a section 1441(b) defect is a procedural defect, not a defect of subject matter jurisdiction, Plaintiff has waived the right to object by failing to timely do so. *See Elliott*, 2010 WL 4627833, at *4.

5

# **INSTRUCTIONS FOR SERVICE AND**
# **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).